114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PHONE FUNDERS, INC., Plaintiff/Counter-defendant/Appellant
v.
TELECARE, INC., Defendant/Counter-claimant/Appellee.
 No. 96-55129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided May 29, 1997.
 
 1
 Before: RYMER and THOMAS, Circuit Judges, and PANNER*, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Phone Funders, Inc. appeals the district court's judgment after a court trial. We affirm.
 
 
 4
 Phone Funders claims commissions due under its agreement with Telecare, Inc., to solicit long distance customers for Telecare. Telecare counterclaims for damages caused by Phone Funders' breach of contract.
 
 
 5
 The district court determined that both parties had breached the agreement. It awarded no damages to either party because it found that Telecare's damages were equal to Phone Funders' damages.
 
 
 6
 This court reviews "the district court's findings of fact following a bench trial for clear error and its conclusions of law de novo." Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). The district court's computation of damages is reviewed for clear error. Howard v. Crystal Cruises, Inc., 41 F.3d 527, 530 (9th Cir.1994), cert. denied, 115 S.Ct. 1796 (1995).
 
 
 7
 The district court did not clearly err in finding that both parties breached the contract. The Lee memorandum, Ex. 1021, along with testimony by Zimmerman, Lee, and Paparella on the number of customer complaints about slamming, supports the district court's finding that Phone Funders breached the brokerage agreement.
 
 
 8
 Phone Funders makes a compelling argument that the evidence is insufficient to support the award of damages. We conclude, however, that the district court did not commit clear error in finding that the parties' damages were offsetting. "Where the fact of damages is certain, the amount of damages need not be calculated with absolute certainty." GHK Assocs. v. Mayer Group, Inc., 224 Cal.App.3d 856, 873, 274 Cal.Rptr. 168, 179 (Cal.Ct.App.1990) (citations omitted). The district court evidently credited Telecare's argument that accounts past due for 90 days on which the customer never made a payment were "slammed" accounts. In light of this implicit finding, which is not clearly erroneous given the high volume of customer complaints and the common sense proposition that slammed customers would refuse to pay their bills, the district court's damages finding was not clearly erroneous. Exhibit 106, which is Phone Funders' compilation based on Telecare's commission statements, shows that over the life of the contract Telecare incurred total charges of $530,925 on accounts for which no payment was ever received. Phone Funders claims that it sustained damages of $505,368. Thus, evidence in the record supports the district court's finding that the parties' damages were roughly equal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3